aIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HELEN ABDOUCH,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV394 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **KEN LOPEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court *sua sponte*.

The plaintiff filed this action on November 18, 2011, in the United States District Court for the District of Nebraska. See Filing No. 1. The plaintiff alleges jurisdiction rests in this court based on diversity of citizenship and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. *Id.* at 1. However, the plaintiff also alleges actual damages in the amount of $10,000, based on her distress over the invasion of her privacy and by the use of her name and identity for commercial purposes without her consent. *Id.* ¶ 14. Although the plaintiff also seeks compensatory damages and the cost of filing this action, the complaint alleges no other specific amounts.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (**citing** *Philbrook v. Glodgett*, 421 U.S. 707 (1975)); **see** *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1176-77 (11th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court." *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (noting burden of establishing federal subject matter jurisdiction is by a preponderance of the evidence); *Keene Corp. v. United States*, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); *James Neff Kramper Family*

*Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005) (The court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'").

In this case, the face of the complaint states a specific amount of damages as $10,000.  Such showing may be determinative.  This is so because even if the defendant may be liable for an amount in excess of $75,000, "only the sum actually demanded is in controversy".  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, (N.D. Iowa 1995).  The plaintiff fails to show any manner in which the court could find an amount in controversy greater than the amount sought in the complaint.  Accordingly, the plaintiff's complaint provides the only evidence of the amount in controversy.

The plaintiff may meet her burden "by sufficient proof that a plaintiff's verdict reasonably may exceed that amount.  Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal citation omitted); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002); **see** *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947) (when determining whether subject matter jurisdiction exists, federal courts may look outside the pleadings to other evidence in the record).  Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *James Neff*, 393 F.3d at 834 (**quoting** *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).  The Eighth Circuit stated:  "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." *Kopp*, 280 F.3d at 885 (diversity jurisdiction was satisfied, as award, including punitive damages and damages for emotional distress, could exceed $75,000, based on nature of claim).

The plaintiff's claim as stated in the complaint does not approach the jurisdictional minimum.  Further, the nature of the claim does not suggest a fact finder might legally and reasonably conclude the plaintiff's damages exceed the jurisdictional minimum.  **See, e.g., Gebbia v. Wal-Mart Stores, Inc.**, 233 F.3d 880, 883 (5th Cir. 2000) (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000).  Accordingly, the court finds the amount in controversy appears insufficient to grant this court diversity jurisdiction.  Accordingly, the plaintiff shall have an opportunity to show cause why this matter should not be summarily dismissed.

**IT IS ORDERED:**

The plaintiff shall have to **on or before December 21, 2011**, to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

DATED this 21st day of November, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge